UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-589-F

| | | |
|---|---|---|
| DENISE SHIPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Denise Shipman's Motion to Reconsider [DE-44] and Motion to Stay Defendant's Motion for Costs [DE-45]. For the reasons stated below, both motions are DENIED.

## BACKGROUND

In this action, Plaintiff alleged, *inter alia*, a claim for disparate treatment based on her race, gender, and age under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq., see* Compl. [DE-2] ¶¶ 51-53; a claim for hostile work environment based on her race, gender and sex under Title VII and the ADEA, *see id.* ¶¶ 54-60, and a claim for retaliation under Title VII and the ADEA, *see id.* ¶¶ 61-64. All of her claims were based on her March 2011, August 2011, and January 2012 discharges from employment at UPS. In an order filed on October 3, 2013 [DE-41], the court allowed UPS's motion for summary judgment, ruling that (1) Shipman's claims for retaliation and hostile work environment are barred for failure to exhaust administrative remedies, and that her disparate treatment claim, to the extent it is based on the March 2011 and August 2011 discharges, was untimely and (2) she could not show that her January 2012 discharge was based on unlawful

discrimination. Thereafter, UPS filed a Motion for Bill of Costs [DE-43]. Plaintiff then timely filed a Motion to Reconsider [DE-44] the court's October 3, 2011 Order [DE-41] and a Motion to Stay Defendant's Motion for Costs [DE-45]. She later filed a Notice of Appeal [DE-50] of the court's October 3, 2013, Order and Judgment.

## MOTION TO RECONSIDER

Rule 59(e) permits a court to alter or amend a judgment. Fed. R. Civ. P. 59(e). Although the rule itself does not set forth any guidelines as to when such a motion should be allowed, the Fourth Circuit has recognized three grounds for an amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 386 n. 2 (4th Cir.2010) (alteration added & citation omitted). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," *Delong v. Thompson*, 790 F.Supp. 594, 618 (E.D.Va.1991), and "is [not] intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va.1977). Other courts have suggested that reconsideration is appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). Although a clear error of law may be grounds for reconsideration, a plaintiff should not use a 59(e) motion simply "to ask the Court to rethink what the Court had already thought through." *Id.; see also Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason

2

permitted, to battle for it again.").

Here, Plaintiff has failed to meet any of the three grounds for relief under Rule 59(e). She presents no new evidence, nor has she shown a change in controlling law. Although she contends that this court committed clear error in the October 3, 2013, Order and letting it stand will result in manifest injustice to her, the court cannot so find. The court recognizes that Plaintiff disagrees with the court's application of the law to her claims, but her motion is merely rearguing the points she previously raised in response to UPS's motion for summary judgment. Her Motion to Reconsider [DE-44] is therefore DENIED.

## MOTION TO STAY

Plaintiff moves the court to hold UPS's Motion for Costs in abeyance pending the resolution of her appeal. UPS opposes the motion, but states that it will not seek to collect any costs until after Plaintiff's appeal to the Fourth Circuit is resolved.

A district court has direction to defer taxation of costs pending appeal. *See Langham-Hill Petroleum, Inc.*, 813 F.2d 1327, 1331 (4th Cir. 1987). Federal Rule 54(d), however creates a presumption in favor of taxation of costs, and accordingly, "a district court deciding not to award costs at the customary stage must provide a valid reason." *Singleton v. Dept. of Corr. Education*, 1:03CV00004, 2003 WL 22299039 at *1 (W.D. Va. Oct. 3, 2003).

Here, Plaintiff asserts that the interests of judicial economy weigh in favor of staying the court's consideration of UPS's motion for costs. Other than this bare assertion, however, she does not offer any further explanation as to how the interests of judicial economy will be furthered by delaying consideration of UPS's motion. Indeed, the record indicates that the court's ruling on the motion for costs now may avoid piecemeal appeals.

3

In light of the needs of judicial economy, and in express reliance on UPS's statement that it will not seek to collect any costs until after Plaintiffs' appeal to the Fourth Circuit is resolved, Plaintiff's Motion to Stay [DE-45] is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff Denise Shipman's Motion to Reconsider [DE-44] and Motion to Stay Defendant's Motion for Costs [DE-45] are DENIED.

SO ORDERED

This the 16 day of December, 2013.

JAMES C. FOX
Senior United States District Judge

4