IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-589-F

| | |
|---|---|
| DENISE SHIPMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the undersigned on the bill of costs [D.E. 43] filed by United Parcel Service, Inc. ("defendant"). Denise Shipman ("plaintiff") filed an objection to defendant's motion for costs [D.E. 46], and defendant filed a reply [D.E. 52]. The matter is ripe for determination.

## BACKGROUND

On September 7, 2012, plaintiff commenced this employment discrimination action against defendant, her former employer [D.E. 1]. On October 3, 2012, the court granted defendant's motion for summary judgment [D.E. 41] and entered judgment dismissing plaintiff's claims [D.E. 42]. On October 14, 2013, defendant filed a bill of costs [D.E. 43], supporting memorandum of law [D.E. 43-1, and declaration and verification of counsel [D.E. 43-2]. On October 28, 2013, plaintiff filed a response in opposition to the bill of costs [D.E. 46] and a notice of appeal [D.E. 47]. On November 7, 2013, defendant filed a reply to plaintiff's objection to the bill of costs [D.E. 52]. On August 5, 2014, the Fourth Circuit affirmed the decision of the district court [D.E. 58], and mandate issued on August 27, 2014 [D.E. 60]. On September 2, 2014, the Fourth Circuit ordered costs in the amount of $68.40 added to the court's mandate in accordance with Fed. R. App. P. 39(d) [D.E. 61].

## DISCUSSION

Defendant seek costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). "[T]he rule creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999). Federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Distr. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

Plaintiff asserts that costs should not be awarded to defendant, the prevailing party [D.E. 46]. She contends that any taxation of costs against her would have a chilling effect on other litigants who have a grievance against defendant or an employer. See Pl.'s Resp. 2. She also argues that the claims she raised against defendant were of public importance. Id. Plaintiff did not allege that she acted in good faith in bringing this action, which is a "virtual prerequisite" to denying costs to a prevailing party. See Cherry, 186 F.3d at 446. Furthermore, plaintiff did not show "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs . . .; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (unpublished). Accordingly, plaintiff's request that the undersigned exercise her discretion to deny costs to defendant is denied.

As the prevailing party, defendant is entitled to costs in this case pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Plaintiff objected that defendant's bill of costs included

expenses that are not recoverable [D.E. 46]. See Pl.'s Resp. 4. In reply, defendant reduced its request from $3,159.29 to $1,902.00 in costs [D.E. 52]. See Def.'s Reply 5. Defendant withdrew its request for costs for electronic and condensed versions of deposition transcripts, shipping and handling costs for the deposition transcripts, and copies for deposition exhibits and electronically filed or served documents. Id. at 4-5. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Here, the $1,902.00 in appearance and transcript fees are allowable costs, which are taxed against plaintiff.

Pursuant to Rule 39(d) of the Federal Rules of Appellate Procedure, defendant also requested costs incurred on appeal. By order of the Fourth Circuit, costs in the amount of $68.40 are taxed against plaintiff and included in the judgment [D.E. 61].

## CONCLUSION

In summary, as the prevailing party, defendant is awarded $1,902.00 in transcript costs pursuant to 28 U.S.C. § 1920(2) and $68.40 for costs on appeal under Fed. R. App. 39(d). Total costs in the amount of $1,970.40 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This 23rd day of September 2014.

Julie A. Richards, Clerk of Court

3