UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-589-F

| DENISE SHIPMAN, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| UNITED PARCEL SERVICE, INC., | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Denise Shipman's Motion to Reconsider [DE-63] the Clerk of Court's Order [DE-62] awarding costs to Defendant United Parcel Service, Inc ("UPS"). For the reasons stated below, her motion is DENIED.

## I. BACKGROUND

In this action, Plaintiff Denise Shipman ("Shipman") alleged employment discrimination and retaliation claims against her former employer, UPS. In an order filed on October 3, 2013 [DE-41], the court allowed UPS's motion for summary judgment, and the Clerk of Court entered judgment [DE-42] on that same date. On October 14, 2013, UPS filed a bill of costs [DE-43], a supporting memorandum of law [DE-43-1], and a declaration and verification of counsel [DE-43-2]. On October 28, 2013, Shipman filed her opposition to the bill of costs [DE-46] and a notice of appeal [DE-47] from the court's judgment. In her opposition, Shipman argued that (1) awarding UPS costs would chill her rights to access to the justice system; (2) the issues in her case were of public importance; and (3) UPS's bill of costs included expenses that are not recoverable. UPS filed its reply [DE-52] to Shipman's objection to the bill of costs on November 7, 2013. Therein, UPS specifically withdrew certain requests for costs, leaving only its request for appearance and transcript

fees in the amount of $1,902.00.

The Fourth Circuit Court of Appeals affirmed the decision of this court on August 5, 2014 [DE-58], with its mandate issuing on August 27, 2014 [DE-60]. In an order filed on September 2, 2014 [DE-61], the Fourth Circuit ordered costs in the amount of $68.40 be added to its mandate in accordance with Federal Rule of Appellate Procedure 39(d).

In an order filed on September 23, 2014 [DE-62], the Clerk of Court awarded UPS $1,902.00 in transcript costs pursuant to 28 U.S.C. § 1920(2) and $68.40 for costs on appeal under Federal Rule of Appellate Procedure 39(d). On October 2, 2014, Shipman filed her motion to reconsider the Clerk of Court's order pursuant to Rule 59 of the Federal Rules of Civil Procedure, arguing that reconsideration was necessary to prevent "manifest injustice." UPS opposes the motion, and requests that the court award UPS its reasonable attorney's fees it incurred in responding to the motion. UPS contends Shipman has "unreasonably and vexatiously multiplied these proceedings by filing several baseless motions for reconsideration in circumstances where such motions were clearly unwarranted." UPS Resp. in Opp. [DE-64] at 7.

## II. DISCUSSION

Rather than view Shipman's motion under Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to file a motion to alter or amend a judgment, the court views Shipman's motion as seeking review of the Clerk of Court's taxation of costs under Rule 54. That rule provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under Rule 54, the clerk taxes the costs. *Id.* On a motion served within seven days of taxation, "the court may review the action of the clerk." *Id.; see also* Local Civil Rule 54.1(b)(2)

2

("A party may request review of the clerk's ruling by filing a motion within seven (7) days after the action of the clerk."). The court's review of the clerk's taxation of costs is *de novo*. *Fells v. Virginia Dept. of Transp.* 605 F. Supp. 2d 740, 742 (E.D. Va. 2009).[1]

In conducting this *de novo* review, the court starts with the well-settled principle that, in the ordinary course, a prevailing party is entitled to an award of costs. *See Constantino v. American S/T Achilles*, 580 F.2d 121, 123 (4th Cir. 1978). As the Fourth Circuit has often recognized, the language of Rule 54 creates a presumption in favor of an award of costs to the prevailing party." *See, e.g., Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999); *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). Accordingly, a district court "may not depart from the 'normal practice' of awarding [costs] to the prevailing party without first articulating some good reason for doing so." *Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990).

One such "good reason for doing so" is if "there would be an element of injustice in a presumptive cost award." *Cherry*, 186 F. 3d at 446. Factors that may warrant the denial the costs include: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (unpublished) (citing *Cherry*, 186 F.3d at 446).

---

[1] The court also notes its *de novo* review is limited only to the $1,902.00 awarded by the Clerk of Court for the Eastern District of North Carolina and does not extend to the $68.40 awarded by the Fourth Circuit Court of Appeals. *See Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (unpublished) (finding that the district court abused its discretion when it refused to award costs that were ordered by the Fourth Circuit as part of its mandate to the district court).

3

In this case, Shipman posits two main reasons why she should not have to pay UPS's costs. First, she contends that awarding costs to UPS—which she characterizes as a "Goliath"—would chill future plaintiffs—who are like her, a "David"—from bringing similar employment discrimination actions. Pl.'s Motion to Reconsider [DE-63] at 3-4. Second, she asserts that this action, which touched upon UPS's termination and discipline policies, had "significant importance."

With regard to Shipman's first argument, the Fourth Circuit has rejected the idea that the nature of Title VII litigation justifies a refusal to award costs. In *Cherry*, the Fourth Circuit explained that Title VII already contains incentives to serve the public interest of encouraging suits by victims of discrimination and "it is not for the district courts to add a similar [incentive] as an exception to Rule 54(d)(1)." 186 F.3d at 448; *see also Keeshan v. Eau Clair Coop. Health Ctrs., Inc.*, 394 F. App'x 987, 997 (4th Cir. 2010) (affirming award of costs to prevailing defendants and explaining that "[a]s [plaintiff] acknowledges, her contention that costs should be awarded to prevailing Title VII defendants only in rare circumstances is contrary to the plain language of Federal Rule of Civil Procedure 54(d)(1) and the law of this circuit").

To the extent Shipman's "David and Goliath" argument rests on her financial standing relative to UPS, the Fourth Circuit has also expressly found that a district court erred by relying on the parties' comparative economic power to deny an award of costs to the prevailing party. *See Cherry*, 186 F.3d at 448. The Fourth Circuit explained:

> Such a factor would almost always favor an individual plaintiff such as Cherry over her employer defendant. Moreover, the plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.

4

*Id.* Furthermore, although a court is allowed to consider the inability of a litigant to pay an award, there is no evidence in the record which would permit the court to find Shipman's financial status justifies relieving her of the duty to pay costs. *See Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 588 (D. Md. 2004) (collecting cases stating that a court may consider a party's indigency but must have sufficient documentation of the party's inability to pay the award).

For similar reasons, Shipman's assertion that her case involved issues of "public importance" does not rebut the presumption of awarding costs to UPS. First, the court observes that Shipman has not cited to a case in the Fourth Circuit which recognizes that the "public importance" of litigation justifies a denial of costs. Moreover, even if it was a factor recognized by the Fourth Circuit, she has not made the showing that her case was, in fact, of such public significance that an award of costs should be denied. Shipman seems to argue that the fact that UPS is a national employer is enough to elevate the issues in her case to that of national significance. Shipman's allegations and arguments in this action, however, concerned solely her treatment by UPS. There were no allegations of a "pattern or practice" of discrimination, nor was there evidence of other women or minorities being subjected to discriminatory treatment or retaliation. Thus, although the issue of employment discrimination is important, and this litigation was certainly of great significance to Shipman and UPS, there is no basis for this court to find the notion of "public importance" justifies denying an award of costs to UPS.

Accordingly, Shipman's motion [DE-63] is DENIED. The court further DENIES UPS's request that it be awarded its reasonable attorney's fees incurred in responding to Shipman's motion. Although Shipman's motion was unsuccessful, the court cannot say that the record shows the Shipman's counsel has acted in bad faith in filing this or any other motion. *See Brubaker v. City of*

*Richmond*, 943 F.2d 1364, 1382 n.25 (4th Cir. 1991) (explaining that an award of attorney's fees under the court's inherent powers or pursuant to 28 U.S.C. § 1927 requires a finding of bad faith on the part of counsel).

### III. CONCLUSION

Shipman's Motion to Reconsider [DE-63] is DENIED. Defendant United Parcel Service, Inc., is awarded $1,902.00 in transcript costs pursuant to 28 U.S.C. § 1920(2) and $68.40 for costs on appeal under Federal Rule of Appellate Procedure 39(d). Total costs in the amount of $1,970.40 are taxed against Shipman and shall be included in the judgment.

This the 26 day of May, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge